UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| GENE AVINO, : | CIVIL ACTION NO. |
|     Plaintiff, : | 3:13-CV-360 (JCH) |
| : |  |
| v. : |  |
| : |  |
| THE STOP & SHOP SUPERMARKET : |  |
| COMPANY, LLC, : |  |
|     Defendant. : | SEPTEMBER 29, 2014 |

**RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 31)**

      Plaintiff Gene Avino brings this action against his former employer, defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop"). Avino asserts three claims under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-51 et seq.: (1) failure to provide a reasonable accommodation for a disability, (2) discrimination (adverse employment action) on the basis of a disability, and (3) retaliation for protected activity. See Complaint ("Compl.") (Doc. No. 1-1)

      Stop & Shop contends that it is entitled to summary judgment for a number of reasons. See Defendant's Motion for Summary Judgment (Doc. No. 31); Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def. Mem.") (Doc. No. 32). Avino raises only the skimpiest opposition to Stop & Shop's arguments. See Plaintiff's Memorandum in Opposition to Defendants [sic] Motion For Summary Judgment ("Pl. Mem.") (Doc. No. 37); see also Cutler v. Stop & Shop Supermarket Co., L.L.C., 513 Fed. App'x 81, 84 (2d Cir. 2013) (citing the plaintiff's same law firm's "history of lawyering that falls below minimum standards before this Court and the district courts"). Perhaps in part because counsel detects the weakness of her position,

1

counsel neglects almost entirely to respond to several of Stop & Shop's colorable arguments. Based on two of Stop & Shop's arguments taken together, the court concludes that none of Avino's three claims survive summary judgment. Therefore, the Motion for Summary Judgment is **GRANTED**.

## I.   FACTS[1]

Gene Avino, presently age 65 or 66, worked for Stop & Shop from 1975 to 1987, and then again beginning in May 1997. Defendant's Local Rule 56(a)(1) Statement ("Def.'s L.R. 56(a)(1) Stmt.") (Doc. No. 33) ¶¶ 2, 3, 143; Plaintiff's Local Rule 56(a)(2) Statement ("Pl.'s L.R. 56(a)(2) Stmt.") (Doc. No. 38) ¶¶ 2, 3, 143. He initially worked as the Head Cutter, and also as a Meat Manager, but later requested reassignment to a Meat Cutter position. Def.'s L.R. 56(a)(1) Stmt. ¶ 4; Pl.'s L.R. 56(a)(2) Stmt. ¶ 4.

As of July 2011, Avino was working in the store located in Madison, Connecticut. Def.'s L.R. 56(a)(1) Stmt. ¶ 26; Pl.'s L.R. 56(a)(2) Stmt. ¶ 26. At that time, he was suffering from (inter alia) knee issues serious enough that he reported to Store Manager Wendy Mitchell multiple times that month about his knee-related health, including on July 8 and on July 11. Def.'s L.R. 56(a)(1) Stmt. ¶¶ 29, 32; Pl.'s L.R. 56(a)(2) Stmt. ¶¶ 29, 32. On July 11, he reported that his knees had collapsed twice that day, and that he could have fallen on the (meat-cutting) band saw—a potentially "lethal" saw which, he thought, "might not be safe for" him to use; in an accident, it might even cut off his arm or his head. Def.'s L.R. 56(a)(1) Stmt. ¶¶ 32, 34–36; Pl.'s L.R. 56(a)(2) Stmt. ¶¶ 32, 34–

---

[1] For the purposes of this Motion for Summary Judgment, the court accepts as true the undisputed facts in the parties' Local Rule 56(a) Statements and views any disputed facts, as well as the entire record, in the light most favorable to Avino, the nonmoving party. The court presents only the facts necessary to establish a basic frame for understanding the case and deciding the limited issues set forth herein.

36. He spent approximately thirty percent of his time on this saw. Def.'s L.R. 56(a)(1) Stmt. ¶ 33; Pl.'s L.R. 56(a)(2) Stmt. ¶ 33. On or about July 22, 2013, Avino submitted a doctor's note indicating several restrictions on his ability to work and suggesting certain accommodations. Def.'s L.R. 56(a)(1) Stmt. ¶¶ 56–59; Pl.'s L.R. 56(a)(2) Stmt. ¶¶ 56–59. Stop & Shop allowed Avino to go home when he "ran out of gas [and/or] couldn't stand up anymore," which sometimes occurred six or seven hours into his eight-hour shift. Def.'s L.R. 56(a)(1) Stmt. ¶ 61; Pl.'s L.R. 56(a)(2) Stmt. ¶ 61. It did not provide certain other accommodations that he requested.

That same month, Stop & Shop alleges—and Avino disputes the nature and quantity of—certain interactions between Avino and his coworkers and other individuals employed by Stop & Shop. See Def.'s L.R. 56(a)(1) Stmt. ¶¶ 72–104; Pl.'s L.R. 56(a)(2) Stmt. ¶¶ 72–104; disputed facts ¶¶ 3–6.

Sometime before August 8, 2011, Stop & Shop reassigned Avino to its Old Saybrook store, where he had the same pay and job duties. Def.'s L.R. 56(a)(1) Stmt. ¶¶ 93 (part), 94; Pl.'s L.R. 56(a)(2) Stmt. ¶ 93 (part), 94.

On August 11, 2011, Stop & Shop suspended Avino without pay after he contacted several managers despite instructions not to do so, having called one of them a "puppet" and another a "liar," having told two more "not to lie to me," and having phoned a fourth at his home, despite explicit direction not to do so. Def.'s L.R. 56(a)(1) Stmt. ¶¶ 96–103; Pl.'s L.R. 56(a)(2) Stmt. ¶¶ 96–103.

Avino called in sick on August 8 and August 10–12. Def.'s L.R. 56(a)(1) Stmt. ¶ 105; Pl.'s L.R. 56(a)(2) Stmt. ¶ 105. Because he took sick days, vacation and/or medical leave, Avino did not return to work through his voluntary retirement from Stop &

3

Shop on August 22, 2013.  Def.'s L.R. 56(a)(1) Stmt. ¶¶ 105, 106, 108, 109, 111, 116–20, 122–24, 129, 140, 141; Pl.'s L.R. 56(a)(2) Stmt. ¶¶ 105, 106, 108, 109, 111, 116–20, 122–24, 129, 140, 141.

On August 11, 2011, Avino filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), alleging that he underwent an adverse employment action that constituted disability discrimination and retaliation.  See CHRO Complaint (Doc. No. 32-2 at 78–80).

## II. STANDARD OF REVIEW

Granting a motion for summary judgment is proper only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." O'Hara v. Nat'l Union Fire Ins. Co., 642 F.3d 110, 116 (2d Cir. 2011).  Thus, the court's role in deciding such a motion "is to determine whether genuine issues of material fact exist for trial, not to make findings of fact."  Id.  In making this determination, the court "must resolve all ambiguities and draw all inferences against the moving party."  Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013).

The moving party bears the burden of establishing the absence of genuine issues of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).  If the moving party meets that burden, the party opposing the motion will only prevail if it sets forth "specific facts" that demonstrate the existence of "a genuine issue for trial."  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).

For summary judgment purposes, a genuine issue exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor.  See Rivera v.

Rochester Genesee Reg'l Transp. Auth., 702 F.3d 685, 693 (2d Cir. 2012); see also Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (stating that the non-moving party must point to more than a mere "scintilla" of evidence in its favor). "However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." Davis v. N.Y., 316 F.3d 93, 100 (2d Cir. 2002).

### III.  DISCUSSION

#### A.  Claim for failure to accommodate

Avino raises a claim for failure to accommodate a disability under the CFEPA. Compl. ¶ 13.  A plaintiff establishes a prima facie failure-to-accommodate case if he shows that his employer, knowing he was an individual with a disability, refused to provide a requested accommodation that would have allowed him to perform the essential functions of his job and would have been 'reasonable' under the law.  See Curry v. Allan S. Goodman, Inc., 286 Conn. 390, 415–16 (2008) (relying upon analogous Americans with Disabilities Act jurisprudence to interpret CFEPA's prima facie case requirement).

Stop & Shop argues that Avino's failure to accommodate claim under the CFEPA falls outside the scope of the CHRO Complaint that he filed, and he thus has failed to satisfy a required prerequisite to suit for such a claim under the CFEPA.  See Def.'s Mem. at 18–20 (citing, for related proposition in federal law, Butts v. City of N.Y. Dep't of Hous., 990 F.2d 1397, 1402 (2d Cir. 1993), superseded by statute on other grounds, Civ. Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071).

Stop & Shop's argument appears to be correct: the failure-to-accommodate claim that Avino now raises is not "reasonably related to" the two discrimination claims that he does address in his CHRO Complaint, "and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was [e.g.] terminated because of a disabilty." Green v. Nat'l Steel Corp., Midwest Div., 197 F.3d 894, 898 (7th Cir. 1999); see also MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 n.13 (10th Cir. 2005); Jones v. Sumser Retirement Village, 209 F.3d 851, 854 (6th Cir. 2000).

However, even if the court could construe the CHRO Complaint to cover the failure-to-accommodate claim, the court finds, especially in light of Avino's total failure to respond to this argument for which Stop & Shop provides substantial support with citations to the foregoing cases, that Avino has abandoned this argument. See Jackson v. Federal Express, ___ F.3d ___, ___, 2014 WL 4412333, *6 (2d Cir. Sept. 9, 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); Tinnin v. Section 8 Program of City of White Plains, 706 F. Supp. 2d 401, 408 n.5 (S.D.N.Y. 2010) (deeming argument abandoned at summary judgment stage where the "[p]laintiff did not respond to [the] argument in her brief"); Taylor v. City of N.Y., 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); cf. Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005). It thus grants summary judgment to Stop & Shop on this claim.

### B. Claims for discriminatory adverse action and for retaliation

Avino raises two more claims under the CFEPA. One is for discrimination on the basis of a disability and the other is for retaliation for a protected activity. Compl. ¶ 13. Both of these kinds of claims require that a plaintiff allege an "adverse employment action." See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (defining "adverse employment action" in context of Title VII retaliation, see id. at 68, and contrasting with definition of "adverse employment action" in context of Title VII's general antidiscrimination provision, see id. at 62–67).

Avino's Complaint states only that Stop & Shop committed an adverse employment action insofar as it "suspended" him. Compl. ¶ 11. Stop & Shop argues that this conduct is insufficient as a matter of law to constitute adverse employment action because Avino never served the suspension, instead taking advantage of vacation and sick days and an extended leave of absence. Def. Mem. at 28–31, 35–36 (citing Deposition of Gene Avino (Doc. No. 32-1 at 7) at 175:6–12. This argument finds support not only in the uncontested evidence proffered by Stop & Shop, id., but also in the law, see Whittaker v. N. Illinois Univ., 424 F.3d 640, 647 (7th Cir. 2005) (concluding, in circumstances similar to those of this case, that "a suspension without pay that is never served does not constitute an adverse employment action").

Avino appears to concede this argument. His only response is a series of quotations from case law, none of which contradict Stop & Shop's arguments. He nowhere argues that these cases or any others support the proposition that the alleged conduct constituted an adverse employment action. Furthermore, although he files an Affidavit with his Memorandum, see Avino Affidavit (Doc. No. 38-1 at 100–02), he

makes no statement therein, and his Memorandum cites to no evidence elsewhere, that corroborates the allegation in the Complaint.  He does not even attempt to raise this topic among his disputed issues of material fact in his Local Rule 56(a)(2) Statement: he admits that he "never served the suspension given to him."  Def.'s L.R. 56(a)(1) Stmt. ¶ 112; Pl.'s L.R. 56(a)(2) Stmt. ¶ 112.  For these reasons, the court concludes that Avino concedes that the events described in the Complaint do not constitute adverse employment actions.[2]

The court grants summary judgment to Stop & Shop on these two remaining claims.

## IV. CONCLUSION

The defendant's Motion for Summary Judgment (Doc. No. 31) is hereby **GRANTED**.  Judgment shall enter for the defendant.  The Clerk is directed to close the case.

---

[2] Immediately before his case citations relating to transfers as adverse employment actions, Avino provides what seems to be an entirely new theory of how he suffered an adverse employment action.  He states, "The plaintiff contends that shortly after he made the request for accommodation in July, 2011, he was abruptly transferred to another store with no notice, in violation of his union contract, which requires seven (7) days' notice, among other things."  Pl. Mem. at 9.  In support of this new argument, Avino cites to an excerpt of the union contract, but does not come forward with evidence supporting this representation by counsel that he was transferred, or any explanation, let alone evidence, of how this transfer "alter[ed] the terms and conditions of [his] employment in a materially negative way."  Patrolmen's Benevolent Ass'n v. City of N.Y., 310 F.3d 43, 51 (2d Cir. 2002).  The affidavit accompanying the opposition memorandum contains no such allegation.  See Avino Affidavit (Doc. 38-1 at 100–02).  Assuming that the court were to allow Avino to raise this new basis for finding an adverse employment action under these circumstances, the court nonetheless concludes that Avino has not provided sufficient evidence for a reasonable jury to find that an adverse employment action occurred on the basis of this alleged action by Stop & Shop.  See District of Connecticut Local Rule 56(a)(3) ("Each statement of material fact . . . must be followed by a specific citation to . . . evidence that would be admissible at trial. . . . Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record . . . may result in the Court . . . imposing sanctions, including . . . when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.").

**SO ORDERED.**

Dated at New Haven, Connecticut this 29th day of September 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge